Richard W. Ward
Texas Bar No. 20846350
6860 N. Dallas Parkway
Suite 200
Plano, TX 75024
Applicant for counsel for debtor
in possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE:
WINMAR PIZZA, L.P.  Case No. 09-33027-BJH-11
Debtor in Possession  (Chapter 11)

**EMERGENCY MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL AND FOR ENTRY OF INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL PENDING FINAL HEARING**

TO: THE HONORABLE BARBARA J. HOUSER, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Winmar Pizza, L.P. ("Winmar") who files this Emergency Motion for Authorization to Use Cash Collateral and for Entry of Interim Order Authorizing Use of Cash Collateral Pending Final Hearing and respectfully represents:

1. Winmar filed a voluntary petition under chapter 11 of Title 11, United States Code, on March 15, 2009. Winmar is a debtor in possession.

2. This is a core proceeding under 28 U.S.C. § 157(2)(A) and (M).

### Nature of Events Constituting Emergency

3. Winmar operates twelve CiCi Pizza restaurants. The restaurants use inventory to produce food to sell to customers. Without inventory, the restaurants cannot produce food and cannot generate sales or conduct business. The restaurants do not maintain excess inventory, but generally operate with one week's inventory and replenish inventory weekly. The day of the week on which inventory is replenished varies by

store. Accordingly, at the end of a seven day period, each restaurant generally does not have sufficient inventory to continue operations. The funds of Winmar are all proceeds from the sale of inventory and, as more fully described herein, are cash collateral of The Frost National Bank ("Frost"). Several of the stores operated by Winmar require delivery of inventory on Monday, May 18, 2009, but all of the stores requiring replenishing inventory during the week beginning on May 18, 2009. Winmar cannot purchase the inventory for these stores without approval of Frost or an order from this Court.

## Description of Winmar's Business

4. Winmar is a franchisee of twelve CiCi pizza stores in the Houston, Texas area. As the franchisee, Winmar operates the twelve locations under franchise agreements with CiCi Enterprises, LP or affiliates.

5. Winmar's stores use inventory to sell meals to consumers. Most of Winmar's inventory is purchased from JMC Distribution, Inc. ("JMC") an entity with some affiliation with CiCi. Prior to the filing of this case, JMC extended credit to Winmar, but the credit extension was for three to seven days. JMC has now advised Winmar that JMC is placing Winmar on payment before vehicles are loaded for delivery.

6. Inventory is ordered by store managers using a website maintained by JMC. Individual stores place orders on the JMC website; JMC fills the orders and ships the product to the individual stores that placed the order. Inventory is shipped directly from the vendor to individual store locations, Winmar does not maintain a warehouse or distribution system. Generally, individual stores receive shipments of inventory items once a week, with the day of the week that each store receives shipments varying. Typically, individual stores do not maintain excess inventory; therefore, the stores

generally cannot effectively continue operations without purchase and delivery of new inventory.

7.   Winmar's revenues are derived from diners paying for meals at the time of purchase with payments overwhelmingly by cash or credit card transactions. Except for sales to some schools, Winmar does not have accounts receivable with Winmar's customers. The sales to schools comprise a small percentage of Winmar's business – well under five percent of total sales.

8.   If the stores cannot purchase inventory, the stores cannot produce food, operate, or generate revenue.

### Frost Liens

9.   Prior to April of 2007, Frost loaned monies to Winmar and was a secured creditor of Winmar. In April of 2007, the debt that Winmar owed to Frost, along with the debts that various other partnerships owed to Frost, was paid from the proceeds of a $19,000,000 term loan from Frost to Pizza Master Holdings Partnership, Ltd. Winmar guaranteed the payment of the term loan and secured the payment by granting Frost a lien on all of the personal property owned by Winmar. Frost holds a valid perfected pre-petition lien on all of the personal property assets of Winmar. Except for leasehold interests, all of the property owned by Winmar is personal property. The liens of Frost are first priority liens, since no other person has filed any UCC-1 statements against personal property owned by Winmar.

10.   The use of inventory by Winmar is use of cash collateral of Frost. The monies that are received by Winmar are the proceeds from the sale of inventory. The inventory of Winmar is collateral for the loan from Frost.

## Request for Authorization to Use Cash Collateral

11.     Winmar seeks authorization to use cash collateral to continue operations of the business of Winmar.

12.     The interests of Frost in the cash collateral used by Winmar can be adequately protected by a grant of a post-petition lien to Frost on the personal property of Winmar that is generated after the date of filing of this case, including the inventory and proceeds from the sale of inventory, in an amount equal to the amount of cash collateral used by Winmar or the amount by which the cash collateral of Frost is diminished by Winmar's use of cash collateral. Winmar seeks authorization to use cash collateral to pay those categories of items that are listed on Exhibit A, attached hereto and incorporated herein. All of the categories of items listed on Exhibit A are items that were paid by Winmar in the ordinary course of business before the filing of this bankruptcy case.

13.     Winmar requests that this Court authorize the use of cash collateral on an interim basis from the date of interim approval of the use of cash collateral until such date as this Court sets a final hearing on the use of cash collateral. Interim use of cash collateral is pending a final hearing is necessary to prevent the cessation of Winmar's business operations, which would be an immediate and irreparable harm to Winmar and Winmar's creditors.

14.     No creditors' committee has been appointed at this time.

15.     This motion does not request nunc pro tunc relief.

16.     Pursuant to Bankruptcy Rule of Procedure 9034, a copy of this motion was served on Mary Fran Durham via the court's ECF notice system.

WHEREFORE Winmar Pizza, L.P. requests that this court authorize Winmar to use funds, including cash collateral, to pay items listed on Exhibit A, attached to this motion from the date of this motion to the date that this court sets a final hearing on Winmar's motion for authorization to use cash collateral and grant The Frost National Bank the adequate protection stated herein.

Respectfully submitted,

/s/ Richard W. Ward
Richard W. Ward
Texas Bar No. 20846350
6860 N. Dallas Parkway
Suite 200
Plano, TX 75024
Telephone: 214-220-2402
Facsimile: 972-499-7240
Proposed Attorney for the Debtor-in-possession, application not yet filed

### Certificate of Conference

I certify that I discussed the use of cash collateral by telephone on May 15, 2009, with Clay M. Taylor, Kelly, Hart & Hallman, counsel for The Frost National Bank, via telephone today. While Frost Bank consented to the payment of a bill for shipment to one store, a final agreement on use of cash collateral could not be reached without a court order granting adequate protection to The Frost National Bank.

/s/ Richard W. Ward
Richard W. Ward

### Certificate of Service

I certify that on May 15, 2009, a copy of the foregoing was served on J. Stephen Ravel and Clay M. Taylor, counsel for The Frost National Bank via email at steve.ravel@khh.com and clay.taylor@khh.com; on Arthur A. Stewart, counsel for CiCi Enterprises via email at astewart@thompsoncoe.com and on May 16, 2009, a copy was served on the persons listed on the attached mailing list by deposit in the United States mail, first class postage pre-paid.

/s/ Richard W. Ward
Richard W. Ward