Richard W. Ward
Texas Bar No. 20846350
6860 N. Dallas Parkway
Suite 200
Plano, TX 75024
Telephone: 214-220-2402
Proposed Counsel for the Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br>Winmar Pizza, L.P. | Case No. 09-33027-BJH-11 |
| In re:<br>Pizza Foods of Texas, L.P. | Case No. 09-33992-11 |
| In re:<br>Pizza Partners of Cincinnati, L.P. | Case No. 09-33993-11 |
| In re:<br>Pizza Partners of Maryland | Case No. 09-33994-11 |
| In re:<br>Pizza Partners of Ohio, L.P. | Case No. 09-33995-11 |
| In re:<br>Pizza Partners of South Carolina, L.P. | Case No. 09-33996-11 |
| In re:<br>Pizza Partners of West Virginia, Limited<br>    Partnership | Case No. 09-33997-11 |
| In re:<br>TEG Pizza Partners of Indiana, L.P. | Case No. 09-33998-11 |
| In re:<br>TEG Pizza Partners of Texas, L.P. | Case No. 09-33999-11 |
| In re:<br>Pizza Partners of Florida, L.P. | Case No. 09-34000-11 |
| In re:<br>TEG-Pizza Partners Holdings, L.P. | Case No. 09-33401-11 |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER PURSUANT**

**TO FED. R. BANKR. P. 1015(b) AND BANKRUPTCY RULE OF PROCEDURE 9007 DIRECTING JOINT ADMINISTRATION OF CASES AND SEEKING AUTHORITY TO IMPLEMENT CERTAIN NOTICE PROCEDURES**

THE DEBTORS HAVE REQUESTED EMERGENCY CONSIDERATION OF THIS MOTION AND HAVE REQUESTED THAT A "FIRST DAY" HEARING BE HELD ON THIS MOTION AT THE COURT'S EARLIEST CONVENIENCE. IF THE COURT IN FACT SETS THIS MOTION FOR AN EMERGENCY "FIRST DAY" HEARING, ONLY YOUR ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS. NO WRITTEN RESPONSE NEED BE FILED.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Winmar Pizza, LP ("Winmar") and its affiliated debtors and debtors-in-possession (together with Winmar, the "Debtors")[1] and file this Expedited Motion for Order Pursuant to Fed. R. Bankr. P. 1015(b) and Bankruptcy Rule of Procedure 9007 Directing Joint Administration of Cases and Seeking Authority to Implement Certain Notice Procedures (the "Motion") and in support thereof the Debtors respectfully show the following:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Motion concerns the administration of the estate; and therefore, it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. On May 15, 2009, Winmar filed a voluntary petition for relief under chapter 11 of title 11, United States Code. On June 28, 2009 (the "Petition Date"), the debtors other than Winmar filed their respective voluntary petitions for relief (collectively, the "Cases") under chapter 11 of title 11, United States Code (the "Bankruptcy Code").

---

[1] The Debtors include Pizza Foods of Texas, L.P.; Pizza Partners of Florida, L.P.; Pizza Partners of Indiana, L.P.; Pizza Partners of Maryland; Pizza Partners of Ohio, L.P.; Pizza Partners of South Carolina, L.P.; TEG Pizza Partners Holdings, L.P.; TEG Pizza Partners of Texas, L.P.; Pizza Partners of West Virginia, Limited Partnership; and Pizza Partners of Cincinnati, L.P.

4.      Since the filing of their petitions, the Debtors have continued to operate and manage their businesses as debtors in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

5.      The Debtors operate 54 CiCi Pizza restaurants in seven states under franchise agreements with CiCi Enterprises, LP ("CiCi") or affiliates of CiCi. Restaurants that were formerly operated by Pizza Partners of West Virginia, Limited Partnership and Pizza Partners of Cincinnati, L.P. are now operated by persons or entities that offered to buy the locations, but the sales have not been consummated and are, therefore, executory contracts.

6.      The Debtors annual sales exceed $40,000,000.

7.      The Debtors are operated by Marwin Management, LLC ("Marwin"). The details of the operation are detailed in another "first day" motion seeking authority to continue to pay Marwin with assuming the operating agreements. At this time, Marwin does not make a profit under the operating agreements, but receives reimbursement from the Debtors on a pro rata basis of the costs incurred by Marwin in operating the Debtors.

8.      Commencing with substantial increases in gasoline prices in the summer of 2008, revenues at the restaurants operated by the Debtors declined due to decreased consumer spending. The Debtors have engaged in a number of actions to increases sales, but the sales increases have not reached a level that will allow the Debtors to pay Frost.

9.      The Debtors, except for Pizza Partners of Indiana, L.P., are indebted to The Frost National Bank ("Frost" or the "Bank") as guarantors in the amount of $19,000,000. The debt of the Debtors to Frost is secured by a lien on all of the assets of the Debtors. The debt to Frost arose from the consolidation of loans from Frost to the Debtors into a loan from Frost to Pizza Master Holding, Inc. in connection with the consolidation of ownership interests in the Debtors

into Pizza Master Holdings, Inc. The Debtors, except PP Indiana, are in default under agreements with Frost and the indebtedness owed to Frost has been accelerated and is due and payable.

10. The Debtors do not own the locations of any restaurant, but lease the space occupied by the restaurants. Generally, the lessor for each location on which a restaurant is located are separate legal entities.

11. The Debtors owe a number of obligations to CiCi and affiliates or insider of CiCi under the franchise agreements between the Debtors and CiCi. The obligations are in three general categories: payment for goods and services used in the operations of the restaurants; royalty fees; and marketing fees and reimbursements. The Debtors are generally current on the first two obligations, but approximately $840,000 of marketing payments owed to CiCi have been deferred.

12. The Debtors are generally current with rent payments owed to lessors in locations that are still occupied by operating restaurants. Some of the Debtors have claims that are asserted by lessors of locations that have been abandoned by the Debtors; the Debtors may have some claims for mitigation against lessors of such locations.

13. By far, the largest creditors of the Debtors are Frost and CiCi. The remainder of the claims against the Debtors are relatively small.

14. Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), the Debtors request that this Court enter an order providing for the joint administration of the Cases for procedural purposes only under the case styled In re Winmar Pizza, L.P., Case No. 09-33027, such style and case number to be used on all subsequently filed pleadings if joint administration is ordered.

15. The joint administration of the Cases, including the combining of notices to creditors of the respective estates, as well as calling and hearing all matters at the same time, will

promote economic, efficient, and convenient administration of the estates. The rights of the respective creditors of each of the estates will not be adversely affected by the joint administration, because the relief sought is purely procedural and is not intended to affect substantive rights. Each creditor will be entitled to file a proof of claim against a particular estate.

16. Supervision of the administrative aspects of the cases by the Office of the United States Trustee will be simplified. No substantive consolidation is sought by this Motion.

17. No administrative or scheduling orders previously entered in these Cases will require modification if this Motion is granted. Mailing lists in each of the Cases will be consolidated for future noticing requirements.

18. The Debtors also request entry of an order requiring all creditors, except creditors with claims against Pizza Partners of Indiana, LP ("PP Indiana") to file proofs of claim only in In re Winmar Pizza, L.P. Case No. 09-33027, regardless of the specific Debtor with which the creditor did business or against which such claims originally arose. Persons with claims against PP Indiana, will file claims in that bankruptcy case.

19. Joint administration for procedural purposes has been authorized in other large chapter 11 cases. *See, e.g., In re Pilgrim's Pride Corp., et al.*, Case No. 08-45664 (DML) (Bankr. N.D. Tex. Dec. 3, 2008) [Docket No. 70]; *In re The Bombay Co., Inc., et al.,* Case No. 07-44084 (Bankr. N.D. Tex. Sept. 20, 2007) [Docket No. 57]; *In re Mirant Corp., et al.*, Case No. 03-46590 (Bankr. N.D. Tex. Aug. 14, 2003) [Docket No. 437]; *In re Spectrum Jungle Labs Corp. et al.*, Case No. 09-50455 (RBK) (Bankr. W.D. Tex. Feb. 6, 2009) [Docket No. 73]. Accordingly, the Debtors submit that they warrant similar relief in these cases.

20. Over 1,000 creditors and parties in interest may be entitled to receive notice in these chapter 11 cases. Notice of all Documents filed in these cases to each creditor and party in

interest would be extremely burdensome and costly to the estates because of the cost associated with large mailings, such as the cost of compiling, photocopying, and addressing each mailing, and the postage expenses associated therewith.

21. The Debtors, therefore, propose to establish a master service list (the "Master Service List"), that would include: (i) the Office of the United States Trustee for the Northern District of Texas (the "U.S. Trustee"); (ii) the Debtors; (iii) the attorneys for the Debtors; (iv) the attorneys for Frost; (v) the attorneys for the official committee of unsecured creditors (the "Committee"), if appointed, or if not appointed the fifty (50) largest unsecured creditors from the Master Service List; (vi) the attorneys representing CiCi Enterprises and its affiliates and insiders; (vii) those persons who have formally appeared in these chapter 11 cases and requested service pursuant to Bankruptcy Rule 2002; and (viii) all applicable government agencies to the extent required by the Bankruptcy Rules and the Local Rules. The Debtors propose that notice of any Documents in these chapter 11 cases be served only upon (a) the parties then-listed on the Master Service List, (b) any parties that have formally appeared and requested service pursuant to Bankruptcy Rule 2002 that have not yet been added to the Master Service List, and (c) any party whose interests the specific document affects.

22. Should the U.S. Trustee not appoint a Committee, the Debtors propose to include on the Master Service List the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis). If a Committee is appointed, the Debtors will add the attorneys for the Committee to the Master Service List and remove from the list the holders of the 50 largest unsecured claims, except where such creditor has formally appeared and requested service in the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 2002.

23. The initial Master Service List will be filed within three (3) calendar days after the Order approving the Motion. The Debtors will update the Master Service List, to include the

name and address of any party in interest who has made a written request for notice, bi-weekly for the first 30 days after filing of the initial Master Service List, then monthly thereafter during the pendency of these chapter 11 cases.  If, in a particular month, there are no changes to the service list, the Debtors shall file a notice with the Court so stating.

24. Upon the completion of noticing any particular matter, the noticing party or their agent shall file with the Court either an affidavit or certification of service, annexing thereto the list of parties receiving notice.

25. Parties filing pleadings and other documents with the Clerk of the Court shall serve the parties on the Master Service List by U.S. mail or hand delivery.  Parties may, alternatively, serve all Documents by e-mail upon parties listed on the Master Service List if such email addresses are listed thereon.

26. The proceedings with respect to which notice would be limited to the Master Service List shall include all matters covered by Bankruptcy Rule 2002, with the express exception of the following: (i) notice of (a) the first meeting of creditors pursuant to section 341 of the Bankruptcy Code, (b) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), (c) the time fixed for filing objections to, and the hearings to consider, approval of a disclosure statement and confirmation of a plan of reorganization, (d) notice of any motion seeking to establish sales procedures pursuant to 11 U.S.C. §363, (e) any orders establishing bidding procedures and for hearings on any motion under 11 U.S.C. §363; and (ii) notice and transmittal of ballots for accepting or rejecting a plan of reorganization. Notice of the foregoing matters would be given to all parties in interest in accordance with Bankruptcy Rule 2002, unless the Court orders, or the Bankruptcy Code prescribes, otherwise.

WHEREFORE The Debtors respectfully request that this Court enter an order providing for the joint administration of the Cases for procedural purposes and the consolidation of mailing

lists in each of the Cases for future noticing requirements as stated herein and for such other and further relief to which they may be entitled.

Respectfully submitted,

/s/ Richard W. Ward
Richard W. Ward
Texas Bar No. 20846350
6860 N. Dallas Parkway
Suite 200
Plano, TX 75024
Telephone: 214-220-2402
Facsimile: 972-499-7240
Proposed Attorney for the Debtor-in-possession, application not yet filed