Richard W. Ward
Texas Bar No. 20846350
6860 N. Dallas Parkway
Suite 200
Plano, TX 75024
Telephone: 214-220-2402
Counsel for debtors in possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE:

| | |
|---|---|
| WINMAR PIZZA, L.P., *et al.* | Case No. 09-33027-BJH-11 |
| Debtors in Possession | (Chapter 11, Jointly Administered) |

**APPLICATION FOR AN ORDER PURSUANT TO SECTION 327(a) AND 328(a) AUTHORIZING THE EMPLOYMENT AND RETENTION OF ADVANCED RESTAURANT SALES, LLC AS BROKER FOR THE DEBTORS IN POSSESSION**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON AUGUST 4, 2009, AT 3:30 P.M. CDT IN THE COURTROOM OF THE HONORABLE BARBARA J. HOUSER, CHIEF UNITED STATES BANKRUPTCY JUDGE FOR THE NORTHERN DISTRICT OF TEXAS, AT 1100 COMMERCE STREET, 14TH FLOOR, DALLAS, TEXAS 75242.**
**IF YOU OBJECT TO THE RELIEF REQUESTED HEREIN, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-THREE DAYS FROM THE DATE THAT YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON COUNSEL FOR THE DEBTORS; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

TO THE HONORABLE BARBARA J. HOUSER, UNITED STATES BANKRUPTCY JUDGE:

COME NOW Winmar Pizza, LP and the jointly administered debtors[1] (collectively the

"Debtors") hereby move this Court pursuant file this Application of the Debtors Pursuant to

---

[1] The Debtors include Pizza Foods of Texas, L.P.; Pizza Partners of Florida, Limited Partnership; Pizza Partners of Indiana, L.P.; Pizza Partners of Maryland, L.P.; Pizza Partners of Ohio, Ltd.; Pizza Partners of South Carolina, L.P.; TEG-Pizza Partners Holdings, L.P.; TEG Pizza Partners of Texas, L.P.; Pizza Partners of West Virginia, Limited Partnership; and Pizza Partners of Cincinnati, L.P.

Sections 327(a) and 328(a) of the Bankruptcy Code, and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Order Authorizing the Employment, Retention, and Compensation of Advanced Restaurant Sales, LLC ("ARS") as Broker (the "Application") and respectfully represent:

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(2)(A) and (M).

2. Winmar filed a voluntary petition under chapter 11, Title 11, United States Code, on May 15, 2009; the other Debtors filed voluntary petitions chapter 11, Title 11, United States Code, on June 28, 2009. All Debtors have remained debtors in possession since the filing of their bankruptcy cases.

3. The Debtors have filed a motion to sell their assets under an auction procedure pursuant to 11 U.S.C. §363(b).

4. The Debtors seek entry of an order authorizing them to employ and retain ARS as brokers to aid the Debtors in the sale of their assets.

5. ARS and its principals, Patrick Silvia and Robert Hunziker, are recognized for their expertise in the sale of franchise restaurants.

6. ARS has been engaged in efforts to sell the Debtors' Assets for many months and has already contacted numerous purchasers and engaged in discussions with the potential purchasers, including providing information pertinent to potential bids for the Debtors' Assets.

7. ARS will receive payment only upon the sale of the Debtors' assets.

8. The Debtors have agreed upon the sale of their assets to any entity other than CiCi Enterprises, LP or affiliates or insiders of CiCi Enterprises, LP. (collectively "CiCi") to pay ARS a fee which shall be the sum of the following: seven percent (7%) of the first $1,000,000 paid by the purchaser; five percent (5%) of the amount in excess of $1,000,000, but less than $2,000,000;

and two percent (2%) of all amounts in excess of $2,000,000 (the "Standard Commission"). If the purchaser of the Debtor's Assets is CiCi, the Debtors will not pay the Standard Commission to ARS, but will pay ARS the sum of $75,000.

9. ARS will not receive any compensation for the sale of restaurants owned by Pizza Partners of Cincinnati, L.P. or Pizza Partners of West Virginia, Limited Partnership if those restaurants are sold to persons who are purchasers in possession and are entitled to treatment under 11 U.S.C. § 365(i). If the assets of Cincinnati and West Virginia are sold to persons other than persons entitled to treatment under 11 U.S.C. §365(i), ARS will be paid the commission stated in paragraph 8 of this motion.

10. The Debtors submit that the employment of ARS at this point in the chapter 11 cases is necessary and appropriate to the timely sale of the assets of the Debtors.

11. The services that have been and will be rendered by ARS are not duplicative with the services to be performed by any other individual or entity retained by the Debtors.

12. Section 327(a) of the Bankruptcy Code provides: "the trustee, with the court's approval, may employ one or more . . . professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). That provision is made applicable to the Debtors by Section 1107(a), which grants debtors in possession all rights and powers of a trustee. 11 U.S. 1107(a).

13. To the best of the Debtors' knowledge ARS and the professionals employed by it are disinterested persons, within the meaning of section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, who do not hold or represent an interest adverse to the estate and do not have any connection with the Debtors, their creditors, or with

their respective counsel or accountants, or with the United States Trustee or any person employed in the Office of the United States Trustee, except as set forth in the Declaration.

14. The Debtors also seek approval of the pursuant to section 328(a) of the Bankruptcy Code, which provides, in relevant part, that the Debtors "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer . . ." 11 U.S.C. § 328(a). Consequently, section 328(a) permits the Court to approve the terms of ARS's engagement.

WHEREFORE, the Debtors respectfully request authorization to retain and compensate ARS in accordance with the terms stated herein and for such other or further relief to which Debtors are justly entitled.

Respectfully submitted,

/s/ Richard W. Ward
Richard W. Ward
Texas Bar No. 20846350
6860 N. Dallas Parkway, Suite 200
Plano, TX 75024
Telephone: 214-220-2402
Facsimile: 972-499-7240
Email: rwward@airmail.net
Attorney for the Debtors-in-possession

**Certificate of Conference**

I certify that the foregoing procedures and relief were discussed in general terms with Clay M. Taylor, counsel for The Frost National Bank in connection with this motion and as terms for the use of cash collateral as stated in the order authorizing the use of cash collateral and he is in agreement with the concepts of this motion, but not all of the details.

/s/ Richard W. Ward
Richard W. Ward

**Certificate of Service**

I certify that this motion was served on the parties listed in the Master Service List by deposit in the United States mail on July 13, 2009.

/s/ Richard W. Ward
Richard W. Ward