

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described**.

**Signed August 14, 2009**  **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE:

WINMAR PIZZA, L.P., *et al.*   Case No. 09-33027-BJH-11
Debtors in Possession    (Chapter 11) (Jointly Administered)

**ORDER (I) AUTHORIZING AND SCHEDULING
PUBLIC AUCTION FOR THE SALE OF CERTAIN OF DEBTORS'
DOMESTIC ASSETS FREE AND CLEAR OF ALL LIENS
CLAIMS, AND ENCUMBRANCES, (II) APPROVING BID
PROCEDURES AND (III) SETTING PROCEDURES FOR ASSUMPTION OR
REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND
<u>NON-DEBTOR PARTIES TO STATE DEFAULTS AND CURE AMOUNTS</u>**

In consideration of the Motion For Order (I) Authorizing And Scheduling Public Auction For the Sale of Certain of Debtors' Domestic Assets Free and Clear of All Liens Claims, and Encumbrances, (II) Approving Bid Procedures and (III) Setting Procedures for Assumption or Rejection of Executory Contracts and Unexpired Leases and Non-Debtor Parties to State Defaults and Cure Amounts (the "Bid Procedures Motion") filed by Winmar Pizza, LP ("Winmar") and its affiliated debtors and debtors-in-possession (together with

Winmar, the "Debtors")[1] and the record of the hearing held with respect to the matters set forth therein (the "Hearing"), including the testimony and evidence admitted at the Hearing; and after due deliberation thereon, and sufficient cause appearing therefore

IT IS HEREBY FOUND AND DETERMINED THAT:

A. The Court has jurisdiction over this matter and over the property of the Debtors and their respective bankruptcy estates pursuant to 28 U.S.C. § 157(a) and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief sought herein are 11 U.S.C. § 105, 363, and 365, and Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2002, 6004, 6006, 9006, and 9014. Venue of these cases and the Sale Motion is proper pursuant to 28 U.S.C. § 1408 and 1409.

B. The relief requested in the Bid Procedures Motion is in the best interests of the Debtors, their estates, the stakeholders of the foregoing, and other parties in interest.

C. The Debtors have articulated good and sufficient reasons for the Court to (i) approve the Bid Procedures, including the Break-Up Fee (each as defined in the Bid Procedures attached to this order) and (ii) set the Auction date.

D. The Court finds it reasonable that any court approved, designated Stalking Horse Bidder may request the protections of the Break-Up Fee prior to being willing to commit to hold open its offer to purchase the Assets under the terms of the proposed Bid Procedures and the possibility that the Break-Up Fee may be paid according to the terms stated in the Bid Procedures promotes the possibility of competitive bidding, and provides a benefit to the Debtors' estates.

---

[1] The Debtors include Pizza Foods of Texas, L.P.; Pizza Partners of Florida, Limited Partnership; Pizza Partners of Indiana, L.P.; Pizza Partners of Maryland, L.P.; Pizza Partners of Ohio, Ltd.; Pizza Partners of South Carolina, L.P.; TEG-Pizza Partners Holdings, L.P.; TEG Pizza Partners of Texas, L.P.; Pizza Partners of West Virginia, Limited Partnership; and Pizza Partners of Cincinnati, L.P.

E.  The matters set forth in the Bid Procedures attached to this order as Exhibit A are reasonable and appropriate and represent the best method for maximizing the realizable value of the Assets.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1. The Bid Procedures, docket number 88 in this case and which are incorporated in this Order, are approved and shall govern all matters relating to any bids for the Assets.

2. All objections filed or asserted in response to the Bid Procedures Motion and/or the Bid Procedures are hereby overruled.

3. It is ordered that on or before September 2, 2009, each non-debtor party to an unexpired lease or executory contract shall file with this Court and serve on Debtors' attorney and the attorney for The Frost National Bank, a statement of all defaults that are alleged under such unexpired lease or executory contract and a statement of any monetary amount claimed necessary to cure all such defaults (the "Cure Amounts") and at the same time shall provide (a) an email address or (b) contact name, street address, and telephone number for overnight delivery for delivery of notices that are required to be delivered under this order; the failure of a non-debtor party to an unexpired lease or executory contract to deliver such information shall release the Debtor and any other party from twenty-four business hour delivery of information that is required by the following.

4. The Debtor shall pay the undisputed portions of the Cure Amounts at Closing with respect to any unexpired lease or executory contract being assumed and assigned and the disputed portion of the Cure Amounts shall be escrowed and determined at a hearing held within such reasonable time as the court's calendar permits.

5. It is ordered that no later than 5:00 pm CDT on September 16, 2009, that the Debtors shall notify (i) those non-debtor parties to executory contracts and unexpired leases who provided the email or overnight delivery address required by this order and (ii) their

respective counsel who provided the email or overnight delivery address required by this order of (a) the entities designated as the Successful Bidder and the Successful Back-up Bidders(s) or (b) if no entities is designated as the Successful Bidder and/or the Successful Back-up Bidder(s), the Qualified Bidders, if any, that the Debtor and The Frost National Bank intend to present to this Court as the proposed Successful Bidder and Successful Back-up Bidder(s) and shall provide the non-debtors parties with all evidence that will be used to at the Sale Hearing to establish adequate assurance of future performance by the Successful Bidder or the Successful Back-up Bidder(s).

6. It is ordered that any objection by any non-debtor party to an executory contract or unexpired lease to (a) the Sale or (b) the assumption and assignment of the rights of a debtor under an executory contract or unexpired lease shall be filed before 2 pm CDT on September 21, 2009, and served via email on counsel for the Debtors, The Frost National Bank, CiCi, and, if an appearance has been filed, counsel for the Successful Bidder, the Successful Back-up Bidder or the proposed Successful Bidder or Successful Back-up Bidder.

7. In the event The Frost National Bank, or any assignee, is the Successful Bidder or Successful Back-Up Bidder, the same information required to be submitted to the landlords under paragraph 5 of this order, including any evidence of adequate assurance of future performance, should be submitted to the landlords at the time stated in paragraph 4 of this order.

8. If Debtors fix an auction date that CiCi's or any other affected party asserts gives it inadequate time to make its analysis, then CiCi's or any other affected party shall be entitled to seek expedited relief for an extension of time in which to conduct its analysis.

### END OF ORDER ###

Order Prepared by:
Richard W. Ward
6860 N. Dallas Parkway
Suite 200
Plano, TX 75024
Telephone: 214-220-2402
Attorney for the Debtors in Possession

**EXHIBIT IS DOCKET NO. 88**