UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| IN RE: | § | |
|---|---|---|
| | § | CASE NO. 09-33027-BJH-11 |
| WINMAR PIZZA, L.P. et al | § | Joint Administration |
| | § | |
| Debtor in Possession | § | CHAPTER 11 |

**NOTICE OF RESERVATION OF RIGHTS AND CLAIMS BY CICI ENTERPRISES, LP AND AWESOME ACQUISITION COMPANY, RESPECTIVELY**

TO THE HONORABLE BARBARA J. HOUSER, UNITED STATES BANKRUPTCY JUDGE:

NOW COME CiCi Enterprises, LP ("CiCi") and Awesome Acquisition Company ("Awesome"), and in their Notice of Reservation of Rights and Claims would show the Court as follows:

1. On November 19, 2009, an Order was entered authorizing an auction of assets. (Doc. #222). An exhibit was attached to such Order, the same being docket number 216 which was filed on November 6, 2009 and entitled "Bid Procedures for Sale of the Debtor's Assets." ("Bid Procedures"). Pursuant to the Bid Procedures, the Debtor prepared and circulated an Asset Purchase Agreement ("APA"). Paragraph B2 of the Bid Procedure states:

> The bid must use the form of Asset Purchase Agreement (the "APA"), which is attached to these Bid Procedures, and must be submitted in *both plain and redlined versions to indicate all differences between the APA submitted with the bid and the APA*. Debtors may accept modifications to the APA submitted by a prospective bidder who otherwise complies with these requirements if the Debtor has determined in the exercise of their business judgment, that the bid as a whole represents a higher and/or better offer for the asset. (Italics added).

2. The Bid Procedures submitted by the Debtors and approved by the Court expressly contemplated modifications by bidders.

1

3. The deadline for submitting a bid was November 16, 2009 at 5:00 p.m. Pursuant to the Bid Procedure, Awesome timely submitted a clean and redlined version of the APA and the requisite escrow deposit.

4. The term "Qualifying Bid" is a word of art under the Bid Procedures per paragraph B of the Bid Procedures.

5. Awesome submitted a Qualifying Bid and was a Qualifying Bidder. Subsection D of the Bid Procedures is titled "Auction and Selection of Winning Bid." Such provision states that the Debtors and Frost will review all timely submitted "Qualifying Bids" and determine which Qualifying Bid represents the highest and/or best offer for the assets. Such section contemplates an auction between parties who submit Qualifying Bids. Such auction did in fact commence on November 18, 2009 at 11:00 a.m. Possessing a Qualifying Bid was a condition precedent to being a bidder at the auction.

6. Debtors secured a court reporter to record a transcript of the auction. A true and correct copy of the transcript of the auction is attached hereto as Exhibit "A" and is incorporated by reference. For four and a half hours prior to the auction occurring, Debtors and Frost Bank made requests to bidders that various bids be modified. Awesome honored all requests. On pages 5 and 6 of the Auction Transcript ("the Transcript"), Mr. Richard Ward, attorney for the Debtors, stated in relevant part:

> Thank everybody for coming. I guess we're going to start, and the reason we spent time from 11 o'clock this morning until now, was trying to work through some terms and conditions on the various asset purchase agreements that were marked up and submitted by each of the three bidders.
>
> What I'm going to do is go through the asset purchase agreements, note the changes that I understand, and ask each of the bidders to confirm that they acknowledge that that change in their asset

purchase agreement has been basically effected. (sic) (portions omitted)

[F]or each of the bidders just to clarify the assets are being sold, because there's been some confusion, the Debtor is not selling accounts receivable, nor is the Debtor selling cash on hand except for what limited amount of cash would be located in the restaurant tills overnight.

7. Mr. Ward then asked if every party understood the same, and all qualifying bidders including Awesome stated that they did so. Afterwards, Mr. Ward went through the modifications of the APA submitted by NRD Holdings, LLC. Mr. Ward then began addressing the changes to the Awesome APA as follows:

| | |
|---|---|
| Mr. Ward: | Okay I guess next I'll move to what I'll call the CiCi's/Awesome bid. First, there was a change that CiCi's had wanted with respect to 6.03 to strike the maintenance of the records. The records are going to have to be maintained by the seller. As I understand it, CiCi's is willing to delete the changes to Section 6.03(e). |
| Mr. Winton: | For three years. |
| Mr. Ward: | Modify that for three years and that same three year period would be applied to everybody else's APA as opposed to five. |
| Mr. Anderson: | We'll agree to that. |
| Mr. Ward: | Jim, can you hear me okay? |
| Mr. Hoeffner: | Thank you. |
| Mr. Anderson: | That's a yes. |

(Transcript, page 9)

8. It is therefore very clear that the Debtor and Awesome agreed to modify paragraph 6.03 according to definite terms. The modifications continue:

| | |
|---|---|
| Mr. Ward: | There is a hold-back provision or a number of, "hold-back" aspects of the process. As I understand it, the agreement with Awesome is that Awesome will work with the bank and/or the Debtor to try specify specifically what items are subject to be hold-back, and if those items can't be worked out between us, the items will then be |

submitted to Judge Houser on the assumption
that Judge Houser will resolve those matters.

(Transcript pp. 9 and 10)

9. The hold-back provision, however, proved to be cumbersome in application. Prior to the commencement of the auction, the hold-back provision was removed from Awesome's APA per page 16 of the Transcript as follows:

> Mr. Hoeffner: Yes. The inability to properly evaluate the hold-back on your part, that's going to make things too confusing. We are going to remove the hold-back provision of our APA, and will just be bidding dollars for dollars and will be bidding apples to apples.

10. The parties therefore reached a firm agreement to remove the hold-back provisions of Awesome's APA.

11. There was also a clarification/modification of the Awesome APA in regard to the cure costs. Pages 10 and 11 of the Transcript address the same:

> Mr. Ward: All right, yeah. And I guess your section 2.07 with respect to cure costs, y'all have agreed to modify that so that the cure cost don't have to necessarily be paid at closing if there is a dispute, but that the cure costs can be set aside if there is a dispute, (portion omitted). So cure costs get set aside or paid. And if one of those two things is done that will be acceptable to y'all -- to Awesome?
>
> Mr. Anderson: That is correct.
>
> Mr. Hoeffner: Now, with the exception of the cure costs that we have are in the process of reducing to a settlement agreement, those cure costs would be paid at the time of closing pursuant to the terms of the proposed settlement agreement that we're preparing.
>
> Mr. Taylor: This is Clay Taylor on behalf of the Frost National Bank. To the extent that that proposed

4

>compromised motion is filed and approved by the Court, that is correct.

Mr. Hoeffner: Thank you.

Mr. Ward: Okay. All right.

12. This process of clarifying and revising the respective parties' asset purchase agreement took approximately four and a half hours. As previously alluded to, the auction was to commence at 11:00 a.m., but the actual bidding began at 3:30 p.m. (Transcript p. 16) Pages 27 and 28 of the Transcript provide that the bidding concluded at approximately 4:18 p.m. The Transcript provides that the auction concluded as follows:

>Mr. Ward: All right. We have everybody back. To make sure I'm on the same page, the last bid was 11 million, 5 from CiCi's. (sic Awesome).
>
>Mr. Hashim: NRD will pass.
>
>Mr. Ward: Okay Is there anybody else that wants to bid or -- tell you what. What we're going to do since we've been here this long, we are going to take a short adjournment, about two or three minutes, so everybody can figure out whether anybody else -- and get all their stuff together. Now they know that if they don't want to do anything, the 11-1/2 to CiCi's (sic Awesome) is the last bid.
>
>(Portion omitted)
>
>Mr. Ward: Okay. Mr. Hashim, all right? Then tell you what. We'll cancel the adjournment, and the final bid for all of the assets will be $11,500,000 from CiCi's (sic Awesome).
>
>(Portion omitted)
>
>Mr. Ward: That's the end of the auction process. What we will do at the end of the bid submission process probably is a better way of dealing with it, the debtor will get together go through this, confer with the bank, and we'll notify everybody. I'll notify

5

> everybody via email either tonight or tomorrow when - - before we upload the information to the Court about who the successful bidder will be.

13. As previously stated, Awesome submitted its APA in a clean version and a redline version on a timely basis. For four and a half hours preceding the actual bidding, both the Debtors and Frost Bank negotiated with the Qualifying Bidders, including Awesome, to modify their APAs. The modifications were clean, were announced on the record, and were agreed to by all relevant parties. There were no requests by either the Debtors or Frost Bank that Awesome modify the provision giving them the right to reject leases it did not desire to assume.

14. On November 19, 2009, the Debtors filed the "Notice of Designation of Successful Bidder and Successful Backup Bidder". A true and correct copy of such notice is attached hereto as Exhibit "B" and is incorporated by reference. In relevant part, the Debtors state:

> The Sellers designate Awesome Acquisition Company as the successful bidder at the price of $11,500,000. Awesome is an insider or affiliate of CiCi Enterprises, L.P.

15. There were no representations by the Debtor that an agreement to sell, the APA, did not exist. There are no representations by the Debtor that there was not a meeting of the minds. There are no representations that any of the requirements and conditions in the APA were not enforceable. There is no representation by the Debtors that they were not bound by the statements made in the Transcript.

16. The hearing to approve the sale was held on December 7, 2009. Neither Frost Bank nor the Debtors had previously complained about the terms of Awesome's APA, other than to request the modifications that were made on the record at the auction. In the courtroom immediately prior to the hearing, Frost Bank requested that Awesome modify its APA.

Awesome's APA clearly provided that Awesome was reserving the right to reject any lease and reduce its purchase price accordingly. This provision had been present in Awesome's APA since it was first submitted to Frost Bank and the Sellers on the 16th day of November, 2009.

17. Despite the failure of the Debtors and Frost Bank to address this issue during the four and a half hour face to face discussions preceding the actual auction, Awesome agreed to modify its APA and provide that even if it refused to accept the assignment of any lease, that it would purchase the franchise/store assets in question and the purchase price of $11,500,000 would not be affected by such rejection. Frost Bank and CiCi announced to the Court, without objection from the Debtor, that CiCi's period to reject a lease would be moved to a date in January 2010. Frost Bank was amenable to all change as were the Debtors.

18. The Court will note, however, at the December 7, 2009 hearing to approve the sale of the assets, Mr. Ward represented to the Court that no agreement had been reached on the terms of the APA. Mr. Ravel, attorney for Frost Bank, stated that "there had been a meeting of the minds." Mr. Hoeffner represented to the Court that an agreement had been reached and attempted to read the same into the record. Because Mr. Ward insisted that an agreement had not been reached, the Court prohibited Mr. Hoeffner from reading into the record the modifications that the Debtor had insisted upon at the auction and recited in the Transcript.

19. As a result of Mr. Ward's representation that no agreement had been reached, the hearing was continued indefinitely.

20. On December 17, 2009, CiCi's and Awesome received a communication from Debtors, a true and correct copy of which is attached hereto as Exhibit "C", and is incorporated by reference. In relevant part, the Debtors state that they are withdrawing the previous bid process and will be conducting a blind bidding process with no auction. In other words, Debtors

gave notice that Awesome's APA had been terminated and/or prospective notice that it would be terminated. Such notice was unconditional.

21. CiCi's has made demand that its earnest money in escrow plus interest be returned but Debtors have refused to honor such demand even though neither the Debtors nor Frost Bank have any claim to the same.

## Reservation of Rights

22. CiCi's and Awesome reserve any and all rights, at equity, law, and/or contract, that they have in regard to Awesome's designation as the successful bidder under the previous bid procedure process, including but not limited to any causes of action for damages and/or for return of its earnest money deposit. Demand is made that the earnest money deposit and interest thereon be returned to Awesome immediately. Demand and wiring instructions were provided to Debtors on Thursday, December 18, 2009.

23. CiCi's reserves any and all rights it has under its respective franchise agreements with the Debtors including, but not limited to, rights to damages, rights in regard to the previous bid procedures, and rights in regard to any prospective bid procedure, including the "blind auction" referred by the Debtors in Exhibit "C".

WHEREFORE, CiCi's and Awesome request such relief at law and/or equity as may be appropriate.

Respectfully submitted,

Graves Dougherty Hearon & Moody, P.C.
401 Congress Avenue, Suite 2200
Austin, Texas 78701
(512) 480.5600 Telephone
(512) 480.5886 Telecopier

By: /s/ James V. Hoeffner
James V. Hoeffner
State Bar No. 09772700
Kelle K. Masters
State Bar No. 24032495
Frank R. Monroe
State Bar No. 14271000

*Attorneys for CiCi Enterprises, LP*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served on the parties listed below, on this the 21st day of December, 2009, by first class mail and/or CM/ECF as applicable.

*The following are being served electronically via the CM/ECF system:*

Richard W. Ward
6860 N. Dallas Parkway, Suite 200
Plano, TX 75024

U.S. Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242-2496

Clay M. Taylor
C. Josh Osborne
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Attorneys for Frost National Bank

David L. Pollack
Jeffery Meyers
Dean C. Waldt
Ballard, Spahr, Andrews & Ingersoll, LLP
1735 Market St, 51st Floor

Philadelphia, PA 19103

Leonard Meyer
Zimmerman, Axelrad, Meyer, Stern & Wise, P.C.
3040 Post Oak Boulevard, Suite 1300
Houston, Texas 77056

John Scheef
Patrick Schurr
Scheef & Stone, L.L.P.
2601 Network Boulevard
Suite 102
Frisco, Texas 75034

Jennifer A. Crabtree, SVP
Frost National Bank
P.O. Box 16509
Fort Worth, TX 76162

Melissa A. Haselden
Weycer, Kaplan, Pulaski & Zuber, P.C.
11 Greenway Plaza, Suite 1400
Houston, TX 77046

Laurie Spindler Huffman
Linebarger Goggan Blair & Sampson, LLP
2323 Bryan Street, Suite 1600
Dallas, TX 75201

Michelle E. Shriro
Singer & Levick, P.C.
16200 Addison Road, Suite 140
Addison, TX 75001

John P. Dillman
Linebarger Goggan Blair & Sampson, LLP
P.O. Box 3064
Houston, TX 77253-3064

Andrew Dylan Wood
Ray, Wood & Bonilla
P.O. Box 165001
Austin, TX 78716

Kevin M. Newman
Menter, Rudin & Trivelpiece, PC
308 Maltbie Street, Suite 200
Syracuse, NY 13204-1498

J. Michael Sutherland
Lisa M. Lucas
Carrington, Coleman, Sloman & Blumenthal, L.L.P.
901 Main Street, Suite 5500
Dallas, TX 75202

Jenny J. Hyun, Esq.
Associate General Counsel
Weingarten Realty Investors
2600 Citadel Plaza Drive
Houston, TX 77008

Ralph E. Dill
Harris, McClellan, Binau & Cox P.L.L.
38 West Broad Street, Suite 950
Columbus, Ohio 43215

Susan R. Fuertes
14910 Aldine-Westfield Road
Houston, TX 77032

*The following are being served via U.S. Mail:*

Winmar Pizza, L.P.
9400 N. Central Expwy, Suite 1304
Dallas, TX 75231

Pizza Foods of Texas, L.P.
9400 N. Central Expressway, Suite 1304
Dallas, TX 75231

Pizza Partners of Cincinnati, L.P.
9400 N. Central Expressway, Suite 1304
Dallas, TX 75024

Pizza Partners of Maryland, L.P.
9400 N. Central Expwy
Dallas, TX 75231

Pizza Partners of Ohio, Ltd.
9400 N. Central Expressway, Suite 1304
Plano, TX 75231

Pizza Partners of South Carolina, L.P
9400 N. Central Expressway, Suite 1304
Dallas, TX 75231

Pizza Partners of West Virginia, L.P.
9400 N. Central Expressway, Suite 1304
Dallas, TX 75231

TEG Pizza Partners Indiana, L.P
9400 N. Central Expressway, Suite 1304
Dallas, TX 75231

TEG Pizza Partners Texas, L.P.
9400 N. Central Expressway, Suite 1304
Dallas, TX 75231

Pizza Partners of Florida, L.P.
9400 N. Central Expressway, Suite 1304
Dallas, TX 75231

TEG-Pizza Partners Holdings, L.P.
9400 N. Central Expressway, Suite 1304
Dallas, TX 75231

Mark Jung
Thompson, Coe, Cousins, and Irons, LLP
700 N Pearl St, FL 25
Dallas, TX 75201

Michael D. Hamlin
Mountaineer Property Co. II, LLC
2151 Volunteer Parkway
Bristol, TN 37620

JK Woodvine LP
c/o Lanny E. Perkins
3838 Oaklawn Avenue, Suite 400
Dallas, TX 75219

Thomas A. Dickinson
Dickinson and Wheelock, PC
7660 Woodway Dr., Suite 460
Houston, TX 77063

Bregman, Berbert, Schwartz & Gilday, LLC
c/o Timothy P. Schwartz
7315 Wisconsin Avenue, Suite 800
Bethesda, MD 20814

Bregman, Berbert, Schwartz & Gilday, LLC
Attn: Laurence H. Berbert
7315 Wisconsin Avenue, Suite 800W
Bethesda, MD 20814

Aramark Uniform Services
P. O. Box 1339
Stafford, TX, 77497-1339

American Electric Power
PO Box 24418
Canton, OH 44701-4418

AT&T
PO Box 5001
Carol Stream, IL 60197-5001

Auto-Chlor Eastlease Fiber Tech
Dept 205
PO Box 4869
Houston, TX 77210-4869

Awesome Marketing
1080 W. Bethel Rd.
Coppell, TX 75019-4427

Bryan Jones
c/o Brian R. Hester, Esq.
P.O. Box 1324
Hamilton, Ohio 45012-1324

Centerpoint Energy
PO Box 4981
Houston, TX 77210-4981

CFS Corporation
3228 Duke St.
Alexandria, VA 22314

Citizens Gas
PO BOX 7056
Indianapolis, IN 46207-7056

Coca-Cola
PO Box 102499
Atlanta, GA 30368

Commercial Grease Trap
1535 Deloss Street
Indianapolis, IN 4620

Community Coffee
PO Box 60141
New Orleans, LA 70160

CPS Commercial Parts & Service
6940 Plainfield Rd
Cincinnati, OH 4236

Current Energy Billing Solutions
5440 Harvest Hill Rd
Dallas, TX 75230

Dayton Power & Light
PO Box 740598
Cincinnati, OH 45274-0598

DECO Solutions Group, Inc
21933 Highway 19N
Clearwater, FL 33765

Direct Energy Business
PO Box 676863
Dallas, TX 75267-6863

Dominion Virginia Power
PO Box 26543
Richmond, VA 23290-0001

Duke Energy
PO Box 9001084
Louisville, KY 40290-1084

Ecolab
PO Box 70343
Chicago, IL 60673-0343

Fort Bend Imaging
PO Box 2569
Stafford, TX 77497-2569

Indianapolis Power & Light
PO Box 109
Indianapolis, IN 46206-0109

Indianapolis Water
P.O. Box 1990
Indianapolis, IN 46206-1990

JGB Pike
4445 Willard Ave
Chevy Chase, MD 20815

Keany Produce
2210 75th Ave.
Landover, MD 20785

Liquid Environmental Solutions
PO Box 671064, Dept 3
Dallas, TX, 75267-1064

Momentum Signs, LLC
6343 Skyline Dr, Suite 100
Houston, TX 77057

Morse & Hamilton
PO Box 1450
Columbus, OH 43216

National Cinemedia, LLC
PO Box 17491
Denver, CO 80217-0491

Northridge Crossing
PO Box 1450
Columbus, OH 43216

NOVA Healthcare Centers
110 Cypress Station, Suite 280
Houston, TX 77090

NuCo2
PO Box 9011
Stuart, FL 34995-9011

Plumbing Works of Houston
6615 Flintlock Rd,
Houston, TX 77040

Ray's Trash
Drawer I
Clayton, IN 46118

Reid's Refrigeration
P.O. Box 929
Tomball, TX 77377-0929

River Oaks Surgical Center
PO BOX 414150
Kansas City, MO 64141-4150

Roto Rooter
5672 Collections Center Dr.
Chicago, IL 60693

Royal Cup Coffee
PO Box 170971
Birmingham, AL 35217

Senn Bros
PO Box 13472
Columbia, SC 29201

South Carolina Electric & Gas
PO Box 100255
Columbia, SC 29202-3255

The Lamar Companies
PO Box 96030
Baton Rouge, LA 70896

The Plumbing Connection
PO BOX 500
Hockley, TX 77447

Third Coast Produce
8255 Tewantin Dr
Houston, TX 770614698

TP Mechanical Contractors
1500 Kemper Meadow Dr.
Cincinnati, OH 45240

Vectren Energy Delivery
373 South High t.
Columbus, OH 43215-6306

Verizon
PO Box 660720
Dallas, TX 75266-0720

Vermillion Valley Produce
310 South St.
Danville, IN 61823

Washington Gas
PO Box 830036
Baltimore, MD 21283-0036

Waste Management
PO Box 660345
Dallas 75266-0345

Witt and Devezin
3661 SR 26 East
Suite Z
Lafayette, IN 47905

Advanced Restaurant Sales
111 Village Parkway
Bldg #2
Marietta, GA 30067

William Westerhold (also by e-mail to: westerholdiii@live.com)
Mitch Uehling
Eric Nelson
MBTL, Inc. dba CiCi's #726
715 Fashion Drive. Suite #4
Columbia, SC 29229

C & S Holdings of the Midlands, LLC (By e-mail)
William Spacek:bill@cartercommercial.com
cc: jimmy@cartercommercial.com
and gfisher@strobler.com

/s/ James V. Hoeffner
James V. Hoeffner