Richard W. Ward
Texas Bar No. 20846350
6860 N. Dallas Parkway
Suite 200
Plano, TX 75024
Counsel for debtors in possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE:
    WINMAR PIZZA, L.P., *et al.*    Case No. 09-33027-BJH-11
    Debtors in Possession    (Chapter 11)

**MOTION FOR ORDER
AUTHORIZING SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND
ENCUMBRANCES PURSUANT TO 11 U.S.C. §363 (f) WITH ASSUMPTION AND
ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND TO
<u>DISBURSE NET PROCEEDS OF SALE</u>**

A HEARING MAY NOT BE CONDUCTED HEREON UNLESS A RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE ST., ROOM 1254, DALLAS, TX 75242-1496 BEFORE CLOSE OF BUSINESS ON FEBRUARY 9, 2010, WHICH IS TWENTY (20) DAYS FROM THE DATE OF SERVICE HEREOF.
ANY RESPONSE MUST BE FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING WILL BE HELD WITH NOTICE TO (1) THE DEBTOR AND DEBTOR'S ATTORNEY; (2) THE OFFICE OF THE U.S. TRUSTEE; (3) ANY TRUSTEE AND THE TRUSTEE'S ATTORNEY; (4) THE MEMBERS OF ANY OFFICIAL COMMITTEE, OR THE ATTORNEY FOR ANY OFFICIAL COMMITTEE IF AN ATTORNEY HAS BEEN EMPLOYED; OR, IF THERE IS NO COMMITTEE, THE TWENTY (20) LARGEST UNSECURED CREDITORS; (5) ANY PARTY REQUESTING NOTICE; (6) ANY PARTY NAMED ON A COURT-APPROVED ALTERNATIVE SERVICE LIST; (7) THE RESPONDING PARTIES; AND (8) ANY OTHER AFFECTED ENTITY.
IF NO HEARING ON SUCH NOTICE OR MOTION INITIATING A CONTESTED MATTER IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

TO THE HONORABLE BARBARA J. HOUSER, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Pizza Partners of West Virginia, Limited Partnership (the "Movant" or the "West Virginia") who files this Motion for Order Authorizing Sale of Assets Free and Clear of Liens, Claims and Encumbrances Pursuant to 11 U.S.C. §363 (f) with Assumption and Assignment of Executory Contracts and Unexpired Leases and to Disburse Net Proceeds of Sale and respectfully represents:

1. Movant filed a voluntary petition under chapter 11 of Title 11, United States Code, on or about June 28, 2009.

2. This is a core proceeding under 28 U.S.C. § 157(2)(A) and (M).

3. The Movant seeks authority to sell all of the assets of the Movant (the "Assets") to M and W, LLC, M and W II, LLC, and Walter Impellicceiri (the "Purchaser") in accordance with the asset purchase agreement, attached hereto and incorporated herein as Exhibit A.

4. Movant is engaged in the business of operating pizza restaurants pursuant to franchise agreements (collectively the "Franchise Agreements") with CiCi Enterprises, L.P. ("CiCi"). Movant operates restaurants (the "Restaurants") known and designated as Store No. 560, located in Morgantown, West Virginia, Store No. 562, located in Clarksburg, West Virginia, and Store No. 489, located in Barboursville, West Virginia. The Movant leases the premises on which the Restaurants are located. (Hereinafter, the leases of such premises are referred to as the "Leases" and the non-debtor parties to the Leases are referred to as the "Lessors".)

5. Prior to the filing of its bankruptcy case, the Movant entered into an agreement to sell the Assets to Purchaser. The agreement was not consummated, but Movant and Purchaser,

or entities related to Purchaser, agreed that the Purchaser would remain in possession of the assets of Movants and operate those assets.

    **6.**    Purchaser is in possession of all assets of Movant.

    **7.**    Movant seeks to assume the Franchise Agreements and assign the Franchise Agreements to the Purchaser.  The amounts required to cure any defaults under the Franchise Agreement and the payment of such amounts has been established by the Settlement Agreement, as defined herein.

    **8.**    The Purchaser provides adequate assurance of future performance under the Franchise Agreements as evidenced by the operations of the Restaurants by the Purchaser prior to the filing of this motion.

    **9.**    Purchaser has obtained consents from the Lessors to the assumption of the Leases and the assignment of Leases to Purchaser.

    **10.**    The purchase price is $450,000.  The estate of the Movant will receive the purchase price minus amounts owed by the Movant for pre-petition sales taxes.  The scheduled amount of the pre-petition sales tax is $233,350.  The estimated net proceeds that will be received by the estate will be $216,650.

    **11.**    The Movant has not been able to locate any entity that will purchase the assets of the Movant under terms that produce more money for the bankruptcy estate of Movant.

    **12.**    Furthermore, Purchaser advises Movant that Purchaser believes that CiCi will consent to the assignment of the Franchise Agreements to Purchaser.

    **13.**    The relief requested by the Movant in this Motion is predicated upon 11 U.S.C. §§ 105, 363 and 365.

14. Pursuant to Federal Rule of Bankruptcy Procedure 6004, a sale of a debtor's assets or other property may be accomplished through public or private sale.

15. The Movant requests that this Court authorize the sale of the Assets of the Movant pursuant to 11 U.S.C. §363(f) free and clear of liens, claims, and encumbrances at the Sales Hearing.

16. On or about January 5, 2010, this Court approved that settlement agreement (the "Settlement Agreement") between CiCi, Frost, the Movant, affiliated debtor entities and certain non-debtor parties. Under the term of the Settlement Agreement the sale of the Restaurants and the assets used in the Restaurants are termed "Outlier Stores". Under the Settlement Agreement, the first $1,000,000 received from the sale of Outlier Stores is payable to CiCi. If less than $1,000,000 has been received from the sale of the Outlier Stores on the date of closing of the sale of the Restaurants, West Virginia request authorization to pay CiCi the lesser of (a) the net proceeds of the Sale or (b) the difference between $1,000,000 and the total amounts previously paid to CiCi (if any) from the sale of Outlier Stores, as defined in the Settlement. If, at the time of the closing of the sale of assets of West Virginia, CiCi has been paid $1,000,000 from the net proceeds of Outlier Stores, West Virginia requests that the difference between the proceeds of the sale of the assets of Movants and the balance, if any of the first $1,000,000 in proceeds from the sale of Outlier Stores be paid to Frost.

WHEREFORE, the Movant respectfully requests that the Court enter an order approving the sale of the assets of the Movant to the Purchaser; the assumption and assignment of the Leases to the Purchaser; the assumption and assignment of the Franchise Agreements to the Purchaser; the disbursement of sales proceeds received by Movant as requested in this motion; and such other and further relief as is just and proper.

**Motion to Sell Restaurants (West Virginia), Page 4 of 5**

Respectfully submitted,

/s/ Richard W. Ward
Richard W. Ward
Texas Bar No. 20846350
6860 N. Dallas Parkway, Suite 200
Plano, TX 75024
Telephone: 214-220-2402
Facsimile: 972-499-7240
Email: rwward@airmail.net
Attorney for the Debtors-in-possession

## Certificate of Service

I certify that this motion will be served on all parties in interest in this case on January 16, 2010. After service a detailed certificate will be filed listing all persons served.

/s/ Richard W. Ward
Richard W. Ward