Richard W. Ward
Texas Bar No. 20846350
6860 N. Dallas Parkway
Suite 200
Plano, TX 75024
Counsel for debtors in possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE:
    WINMAR PIZZA, L.P., *et al.*　　　　Case No. 09-33027-BJH-11
    Debtors in Possession　　　　　　　　　(Chapter 11)

**MOTION FOR ORDER
AUTHORIZING SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND
ENCUMBRANCES PURSUANT TO 11 U.S.C. §363 (f) WITH ASSUMPTION AND
ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND TO
<u>DISBURSE NET PROCEEDS OF SALE</u>**

A HEARING MAY NOT BE CONDUCTED HEREON UNLESS A RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE ST., ROOM 1254, DALLAS, TX 75242-1496 BEFORE CLOSE OF BUSINESS ON MARCH 31, 2010, WHICH IS TWENTY (20) DAYS FROM THE DATE OF SERVICE HEREOF.
ANY RESPONSE MUST BE FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING WILL BE HELD WITH NOTICE TO (1) THE DEBTOR AND DEBTOR'S ATTORNEY; (2) THE OFFICE OF THE U.S. TRUSTEE; (3) ANY TRUSTEE AND THE TRUSTEE'S ATTORNEY; (4) THE MEMBERS OF ANY OFFICIAL COMMITTEE, OR THE ATTORNEY FOR ANY OFFICIAL COMMITTEE IF AN ATTORNEY HAS BEEN EMPLOYED; OR, IF THERE IS NO COMMITTEE, THE TWENTY (20) LARGEST UNSECURED CREDITORS; (5) ANY PARTY REQUESTING NOTICE; (6) ANY PARTY NAMED ON A COURT-APPROVED ALTERNATIVE SERVICE LIST; (7) THE RESPONDING PARTIES; AND (8) ANY OTHER AFFECTED ENTITY.
IF NO HEARING ON SUCH NOTICE OR MOTION INITIATING A CONTESTED MATTER IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

**Motion to Sell Restaurants (Cincinnati), Page 1 of 6**

TO THE HONORABLE BARBARA J. HOUSER, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Pizza Partners of Cincinnati, L. P. (the "Movant" or the "Cincinnati") who files this Motion for Order Authorizing Sale of Assets Free and Clear of Liens, Claims and Encumbrances Pursuant to 11 U.S.C. §363 (f) with Assumption and Assignment of Executory Contracts and Unexpired Leases and to Disburse Net Proceeds of Sale and respectfully represents:

1. Movant filed a voluntary petition under chapter 11 of Title 11, United States Code, on or about June 28, 2009.

2. This is a core proceeding under 28 U.S.C. § 157(2)(A) and (M).

3. The Movant seeks authority to sell all of the assets of the Movant (the "Assets") to Awesome Restaurant Group, Inc. (the "Purchaser") in accordance with the asset purchase agreement, attached hereto and incorporated herein as Exhibit A.

4. Movant is engaged in the business of operating pizza restaurants pursuant to franchise agreements (collectively the "Franchise Agreements") with CiCi Enterprises, L.P. ("CiCi"). Movant operates restaurants (the "Restaurants") known and designated as store #565 located at 830 Eastgate South Drive, Cincinnati, Ohio 45245 and store # 633 located at 4989 Houston Road, Florence, KY 41042.

5. The Movant leases the premises on which the Restaurants are located. (Hereinafter, the leases of such premises are referred to as the "Leases" and the non-debtor parties to the Leases are referred to as the "Lessors".)

6. Prior to the filing of its bankruptcy case, the Movant entered into an agreement to sell the Assets to Purchaser. The agreement was not consummated, but Movant and Purchaser,

or entities related to Purchaser, agreed that the Purchaser would remain in possession of the assets of Movants and operate those assets.

7. Purchaser is in possession of all assets of Movant.

8. Movant seeks to assume the Franchise Agreements and assign the Franchise Agreements to the Purchaser. The amounts required to cure any defaults under the Franchise Agreement and the payment of such amounts has been established by the Settlement Agreement, as defined herein.

9. The Purchaser provides adequate assurance of future performance under the Franchise Agreements as evidenced by the operations of the Restaurants by the Purchaser prior to the filing of this motion.

10. The purchase price is $236,000 payable in the amount of $126,000 cash at closing, issuance of a promissory note (the "Purchaser's Note") in substantially similar form to Exhibit C to the APA in the principal amount of $50,000, and the balance credited for payments delivered by Purchaser to Seller before the filing of the bankruptcy case. The estimated net proceeds that will be received by the estate will be $216,650. As used in this Motion "Cash Proceeds" shall mean cash or a cash equivalent such as a check, cashier's check or wire transfer received from the Purchaser at the time that the cash or cash equivalent is received by the Movant or its assignee or successor, whether the cash or cash equivalent is received at the closing under the APA or as a payment on the Purchaser's Note.

11. The Movant has not been able to locate any entity that will purchase the assets of the Movant under terms that produce more money for the bankruptcy estate of Movant. Furthermore, Purchaser advises Movant that Purchaser believes that CiCi will consent to the assignment of the Franchise Agreements to Purchaser.

12. The relief requested by the Movant in this Motion is predicated upon 11 U.S.C. §§ 105, 363 and 365.

13. Pursuant to Federal Rule of Bankruptcy Procedure 6004, a sale of a debtor's assets or other property may be accomplished through public or private sale.

15. The Movant requests that this Court authorize the sale of the Assets of the Movant pursuant to 11 U.S.C. §363(f) free and clear of liens, claims, and encumbrances at the Sales Hearing.

16. On or about January 5, 2010, this Court approved that settlement agreement (the "Settlement Agreement") between CiCi, Frost, the Movant, affiliated debtor entities and certain non-debtor parties. Under the term of the Settlement Agreement the sale of the Restaurants and the assets used in the Restaurants are termed "Outlier Stores". Under the Settlement Agreement, the first $1,000,000 received from the sale of Outlier Stores is payable to CiCi. If more than $1,000,000, but less than $1,625,000 has been paid to CiCi, CiCi is entitled to receive twenty percent (20%) of the proceeds of the sale.

17. Movant request authorization to distribute the Cash Proceeds received from the sale of the Assets as follows:

    a. If CiCi has been paid less than $1,000,000 from the sale of the Outlier Stores and has not been paid $1,625,000 from the sale of assets that are not Outlier Stores, Movant requests that CiCi be paid the cash proceeds of the sale of the Assets of the Movants; provided that any distribution of proceeds of the sale of the Assets does not result in CiCi receiving more than $1,000,000. If a distribution of cash proceeds from the sale of the Assets causes CiCi to have received total payments

from Outlier Stores in excess of $1,000,000 any payments to CiCi should be made pursuant to paragraph 17.a of this motion.

b. If CiCi has been paid more than $1,000,000 from the sale of the Outlier Stores, but less than a total of $1,625,000, CiCi shall be paid twenty percent (20%) of the cash proceeds and balance of the cash proceeds shall be paid to Frost.

c. If CiCi has been paid a total of $1,625,000, the cash proceeds shall be paid to Frost.

18. The Purchaser's Note and Security Agreement shall be subject to the security interest of Frost which security interests shall have first lien priority as granted to Frost by previously entered orders of this Court; provided however, that any Cash Proceeds received in payment of the Purchaser's Note shall be distributed as provided in paragraph 17 of this Motion.

WHEREFORE, the Movant respectfully requests that the Court enter an order approving the sale of the assets of the Movant to the Purchaser; the assumption and assignment of the Leases to the Purchaser; the assumption and assignment of the Franchise Agreements to the Purchaser; the disbursement of sales proceeds received by Movant as requested in this motion; and such other and further relief as is just and proper.

Respectfully submitted,

/s/ Richard W. Ward
Richard W. Ward
Texas Bar No. 20846350
6860 N. Dallas Parkway, Suite 200
Plano, TX 75024
Telephone: 214-220-2402
Facsimile: 972-499-7240
Email: rwward@airmail.net
Attorney for the Debtor-in-possession

**Certificate of Service**

I certify that on March 8, 2010 a copy of the foregoing was served via the ECF notice system on Clay Taylor, counsel for The Frost National Bank, and James Hoeffner, counsel for CiCi Enterprises, L.P. On March 8, 2010, service was made on the following persons by deposit in the United States mail, first class postage pre-paid.

David L. Pollack, Esq.
co Ballard Spahr, LLP
1735 Market Street, 51st Flr.
Philadelphia, PA 19103

Ohio Department Of Taxation
Bankruptcy Division
P.O. Box 530
Columbus, OH 43216

Turfway Investment Group, LLC
206 Southacres Dr.
Cincinnati, OH 45233

MB Land Company
Attn: Michael T. Brady
45 Fairfield Ave., 2nd Floor
Bellevue, KY 41073

Jubilee-Springdale, LLC
1800 Moler Rd.
Columbus, OH 43207

HK New Plan Exchange Property Owner II, LP
c/o New Plan Excel Realty Trust, Inc.
1120 Ave. of Americas, 12th Floor
New York, NY 10036

VH Deerfield, LLC
5027 Madison Rd.
Suite 200
Cincinnati, OH 45227.

/s/ Richard W. Ward
Richard W. Ward