J. Stephen Ravel
Texas Bar I.D. 16584975
Clay M. Taylor
Texas Bar I.D. 24033261
C. Josh Osborne
Texas Bar I.D. 24065856
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: 817/332-2500
Telecopy: 817/878-9280

COUNSEL FOR THE FROST NATIONAL BANK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| WINMAR PIZZA, L.P., *et al.* | § | Case No. 09-33027-BJH-11 |
| | § | |
| Debtors-in-Possession | § | (Jointly Administered) |

**THE FROST NATIONAL BANK'S NOTICE OF RESERVATION OF RIGHTS AND LIMITED OBJECTION TO DEBTORS' AMENDED MOTION FOR ORDER AUTHORIZING SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363(f) WITH ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

The Frost National Bank ("Frost") files its Notice of Reservation of Rights and Limited Objection (the "Reservation of Rights") to Debtors' Amended Motion for Order Authorizing Sale of Assets Free and Clear of Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § 363(f) with Assumption and Assignment of Executory Contracts and Unexpired Leases (the "Amended Sale Motion") and would respectfully show as follows:

## BACKGROUND

1. On May 15, 2009, Winmar Pizza, L.P. filed for relief under chapter 11 of the Bankruptcy Code. The remaining Debtors filed for relief under chapter 11 on June 28, 2009. The Debtors' cases were consolidated for procedural purposes only on July 7, 2009 [Docket No. 62]. Frost Bank filed proofs of claim against each of the Debtors on June 30, 2009.

2. The Amended Sale Motion represents the fourth attempt by Debtors' to effectuate a sale of their assets. In this instance, the Debtors, again operating outside the Court's supervision, received a $12.9 million bid with an earnest money deposit from Mucho Pizza, LLC ("Mucho Pizza") on December 22, 2009. The Debtors received affirmation of this bid amount from Mucho Pizza on January 20, 2010. *See* Mucho Pizza's Objection to the Sale Motion (the "Competing Bid Motion") [Docket No. 315].

3. A mere one month later, the Debtors filed their Amended Sale Motion requesting Court approval of a sale to Mucho Pizza for $11 million—almost $2 million less than originally offered.

4. Frost believes the Debtors should have, and could have, held Mucho Pizza to the terms of its original offer. Nothing in the Amended Sale Motion or in Debtors' operations adequately explains this $2 million drop in value that is impliedly attributed to the previous month of operations.

## LIMITED OBJECTIONS

5. Mucho Pizza submitted an earnest money contract on December 22, 2009 offering $12.9 million for the Debtors' assets. After terminating the McMullin Asset Purchase Agreement, the Debtors accepted this offer from Mucho Pizza. The Debtors have not provided

an adequate explanation for their inability to hold Mucho Pizza to the terms of its original, accepted offer.

6. Further, the amount by which the Debtors and Mucho Pizza reduced the purchase price is not reflective of the current state of Debtors' operations. While Debtors' EBITDA has fluctuated throughout these bankruptcy proceedings, nothing in Debtors' operations explains the 15% drop in value implied by the transfer of a $12.9 million earnest money contract to an $11 million earnest money contract.

7. In addition, nobody has pled or can prove that CiCi's will approve Mucho Pizza as a franchisee.

8. Finally, Frost notes that this Asset Purchase Agreement was created and negotiated outside of the Court's supervision—just like the McMullin Asset Purchase Agreement.

## RESERVATION OF RIGHTS

Frost specifically reserves its right, as first lien holder, to withhold consent to the sale of the Debtors' assets pursuant to the Amended Sale Motion, currently scheduled for hearing on March 15, 2010 (the "Sale Hearing"). Frost reserves its right to withhold consent up to, and until conclusion of, the Sale Hearing. For the avoidance of doubt, no action or inaction by Frost should be construed as Frost having either expressly or impliedly consented to the sale of the Debtors' assets.

## REQUEST FOR RELIEF

Frost requests that the Court hold Debtors to their burden of proof in considering the Amended Sale Motion, and, if it is not met, deny the relief sought. Frost further prays for such other and further relief as the Court deems just and appropriate.

Dated: March 9, 2010.

                         Respectfully submitted,

                         */s/ Clay M. Taylor*
                         J. Stephen Ravel
                         Texas Bar I.D. 16584975
                         Clay M. Taylor
                         Texas Bar I.D. 24033261
                         C. Josh Osborne
                         Texas Bar I.D. 24065856
                         Kelly Hart & Hallman LLP
                         201 Main Street, Suite 2500
                         Fort Worth, Texas 76102
                         Telephone:   817/332-2500
                         Telecopy:     817/878-9280

                         COUNSEL FOR THE FROST NATIONAL BANK

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was served on March 9, 2010, upon all persons receiving notification via ECF electronic notice.

                         *C. Josh Osborne*
                         C. Josh Osborne