Richard W. Ward
Texas Bar No. 20846350
6860 N. Dallas Parkway
Suite 200
Plano, TX 75024
Counsel for debtors in possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE:
    WINMAR PIZZA, L.P., *et al.*     Case No. 09-33027-BJH-11
    Debtors in Possession     (Chapter 11)

**MOTION FOR ORDER
AUTHORIZING SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND
ENCUMBRANCES PURSUANT TO 11 U.S.C. §363 (f) WITH ASSUMPTION AND
ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND TO
<u>DISBURSE NET PROCEEDS OF SALE</u>**

A HEARING MAY NOT BE CONDUCTED HEREON UNLESS A RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE ST., ROOM 1254, DALLAS, TX 75242-1496 BEFORE CLOSE OF BUSINESS ON MARCH 31, 2010, WHICH IS TWENTY (20) DAYS FROM THE DATE OF SERVICE HEREOF.
ANY RESPONSE MUST BE FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING WILL BE HELD WITH NOTICE TO (1) THE DEBTOR AND DEBTOR'S ATTORNEY; (2) THE OFFICE OF THE U.S. TRUSTEE; (3) ANY TRUSTEE AND THE TRUSTEE'S ATTORNEY; (4) THE MEMBERS OF ANY OFFICIAL COMMITTEE, OR THE ATTORNEY FOR ANY OFFICIAL COMMITTEE IF AN ATTORNEY HAS BEEN EMPLOYED; OR, IF THERE IS NO COMMITTEE, THE TWENTY (20) LARGEST UNSECURED CREDITORS; (5) ANY PARTY REQUESTING NOTICE; (6) ANY PARTY NAMED ON A COURT-APPROVED ALTERNATIVE SERVICE LIST; (7) THE RESPONDING PARTIES; AND (8) ANY OTHER AFFECTED ENTITY.
IF NO HEARING ON SUCH NOTICE OR MOTION INITIATING A CONTESTED MATTER IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

TO THE HONORABLE BARBARA J. HOUSER, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Pizza Partners of Ohio, Ltd. and TEG Pizza Partners of Indiana, L. P. (collectively the "Movants" and singularly "Indiana" or "Ohio") who file this Motion for Order Authorizing Sale of Assets Free and Clear of Liens, Claims and Encumbrances Pursuant to 11 U.S.C. §363 (f) with Assumption and Assignment of Executory Contracts and Unexpired Leases and to Disburse Net Proceeds of Sale and respectfully represents:

1. Movants filed voluntary petitions under chapter 11 of Title 11, United States Code, on or about June 28, 2009.

2. This is a core proceeding under 28 U.S.C. § 157(2)(A) and (M).

3. The Movants seek authority to sell all of the assets of the Movants (the "Assets") to M&M Pizza of Ohio Corp., Inc. (the "Purchaser") in accordance with the asset purchase agreement (the "APA"), attached hereto and incorporated herein as Exhibit A.

4. Movants are engaged in the business of operating pizza restaurants pursuant to franchise agreements (collectively the "Franchise Agreements") with CiCi Enterprises, L.P. ("CiCi"). Movants operate restaurants (the "Restaurants") at the locations and with the store designations listed on Exhibit B, attached hereto and incorporated herein.

5. The Movants lease the premises on which the Restaurants are located. (Hereinafter, the leases of such premises are referred to as the "Leases" and the non-debtor parties to the Leases are referred to as the "Lessors".)

6. Movants seek to assume the Franchise Agreements and assign the Franchise Agreements to the Purchaser. The amounts required to cure any defaults under the Franchise Agreement and the payment of such amounts have been established by the Settlement Agreement, as defined herein.

7. The Purchaser provides adequate assurance of future performance under the Franchise Agreements.

8. The purchase price for the assets of Ohio is $734,000 payable in the amount of $400,000 cash at closing and (ii) issuance of a promissory note in the amount of the difference between $334,000 and the amount of the Ohio Sales Tax, payable as stated in section 2.07(c)(ii) of the APA. As used in this Motion "Cash Proceeds" shall mean cash or a cash equivalent such as a check, cashier's check or wire transfer received from the Purchaser at the time that the cash or cash equivalent is received by Ohio or its assignee or successor, whether the cash or cash equivalent is received at the closing under the APA or as a payment on the purchaser's note.

9. The purchase price for the assets of Indiana will be $30,000 in cash and the assumption of the tax liabilities of Indiana to the State of Indiana. The assumed tax liabilities shall be secured by a first lien on the assets of Indiana.

10. The Movants have not been able to locate any entity that will purchase the assets of the Movants under terms that produce more money for the bankruptcy estates of Movants. Furthermore, Purchaser advises Movants that Purchaser believes that CiCi will consent to the assignment of the Franchise Agreements to Purchaser.

11. The relief requested by the Movants in this Motion is predicated upon 11 U.S.C. §§ 105, 363 and 365.

12. Pursuant to Federal Rule of Bankruptcy Procedure 6004, a sale of a debtor's assets or other property may be accomplished through public or private sale.

13. The Movants request that this Court authorize the sale of the Assets of the Movants pursuant to 11 U.S.C. §363(f) free and clear of liens, claims, and encumbrances at the Sales Hearing.

14. On or about January 5, 2010, this Court approved that settlement agreement (the "Settlement Agreement") between CiCi, Frost, the Movants, affiliated debtor entities and certain non-debtor parties. Under the term of the Settlement Agreement the sale of the Restaurants and the assets used in the Restaurants are termed "Outlier Stores". Under the Settlement Agreement, the first $1,000,000 received from the sale of Outlier Stores is payable to CiCi. If more than $1,000,000, but less than $1,625,000 has been paid to CiCi, CiCi is entitled to receive twenty percent (20%) of the proceeds of the sale.

15. Movants request authorization to distribute the Cash Proceeds received from the sale of the Assets of Ohio as follows:

   a. If CiCi has been paid less than $1,000,000 from the sale of the Outlier Stores and has not been paid $1,625,000 from the sale of assets that are not Outlier Stores, Movants request that CiCi be paid the cash proceeds of the sale of the Assets of the Movants; provided that any distribution of proceeds of the sale of the Assets does not result in CiCi receiving more than $1,000,000. If a distribution of cash proceeds from the sale of the Assets causes CiCi to have received total payments from Outlier Stores in excess of $1,000,000 any payments to CiCi should be made pursuant to paragraph 15.a of this motion.

   b. If CiCi has been paid more than $1,000,000 from the sale of the Outlier Stores, but less than a total of $1,625,000, CiCi shall be paid twenty percent (20%) of the cash proceeds and balance of the cash proceeds shall be paid to Frost.

   c. If CiCi has been paid a total of $1,625,000, the cash proceeds shall be paid to Frost.

16. The Purchaser's Note and Security Agreement shall be subject to the security interest of Frost which security interests shall have first lien priority as granted to Frost by previously entered orders of this Court; provided however, that any Cash Proceeds received in payment of the Purchaser's Note shall be distributed as provided in paragraph 15 of this Motion.

17. The Assets of Indiana are not subject to the liens of Frost, except for claims arising from diminution in collateral value. Since Frost has received over $600,000 in interest payments from the operations of the debtors in the jointly administered cases, this limited lien is inapplicable.

WHEREFORE, the Movants respectfully request that the Court enter an order approving the sale of the assets of the Movants to the Purchaser; the assignment of the Leases to the Purchaser; the assumption and assignment of the Franchise Agreements to the Purchaser; the disbursement of sales proceeds received by Movants as requested in this motion; and such other and further relief as is just and proper.

Respectfully submitted,

/s/ Richard W. Ward
Richard W. Ward
Texas Bar No. 20846350
6860 N. Dallas Parkway, Suite 200
Plano, TX 75024
Telephone: 214-220-2402
Facsimile: 972-499-7240
Email: rwward@airmail.net
Attorney for the Debtors-in-possession

### Certificate of Service

I certify that on March 10, 2010 a copy of the foregoing was served via the ECF notice system on Clay Taylor, counsel for The Frost National Bank, and James Hoeffner, counsel for CiCi Enterprises, L.P. A detailed service list for service on other parties will be filed after filing of this motion.

/s/ Richard W. Ward
Richard W. Ward